## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

MELEDY S. HECKLER,            )
                                      )
                Plaintiff,        )
                                      )
v.                             )      No.  06-CV-463-SAJ
                                      )
MICHAEL J. ASTRUE,         )
Commissioner of Social Security     )
Administration,[1/]              )
                                      )
               Defendant.     )

### OPINION AND ORDER[2/]

Pursuant to 42 U.S.C. § 405(g), Plaintiff Meledy S. Heckler (Plaintiff) appeals the decision of the Commissioner denying her Social Security Disability Insurance and Supplemental Security Income benefits.  Plaintiff asserts that (1) the ALJ incorrectly determined that Plaintiff's depression was non-severe, and (2) the ALJ failed to consider the Plaintiff's obesity pursuant to Social Security Administration Ruling ("SSR") 02-01p.  For the reasons discussed below, the Court hereby reverses and remands the Commissioner's decision for further proceedings consistent with this opinion.

### 1.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on September 19, 1953, and was 50 years old on the date of her administrative hearing.  (R. 66, 372.)   She has a General Equivalency Diploma and past relevant work as a truck driver. (R. 113, 137, 373-74.)  She initially alleged that she became

---

[1/]   Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section  42 U.S.C. § 405(g) of the Social Security Act.

[2/]   This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

disabled on December 4, 2001, due to her weight, herniated disks, excessive pain, osteoarthritis, muscle spasms, and numbness in her legs, forearms, and hands. (R. 66, 69.)  She added carpal tunnel syndrome, numbness in her back and pain in her left hip, lower back, left leg and knee to her list of illnesses, injuries or conditions (R. 136) and later claimed depression as a disabling impairment as well. (*See* R. 147, 150.)

Plaintiff filed her application for disability insurance and supplemental income benefits on November 25, 2002.[3/]  (R. 69-71, 353-55.)  After she was denied benefits at the initial and reconsideration levels, she filed a timely Request for Hearing.  Administrative Law Judge (ALJ) Richard J. Kallsnick held the hearing on November 10, 2003 (*see* R. 368-415), and issued an unfavorable decision on January 2, 2004. (R. 17-26.)  Plaintiff filed a Request for Review with the Appeals Council, and the Appeals Council denied Plaintiff's request on July 3, 2006. (R. 7-10.)  Plaintiff now seeks judicial review.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment
> . . . .

42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act only if his

---

[3/]   Plaintiff previously filed an application on December 1, 1999, but it was denied and Plaintiff withdrew her request for a hearing. (*See* R. 35-41, 44-52, 66-68.)   The paperwork completed by Plaintiff for her current application is actually dated November 11 and 13, 2002. (See R. 71, 120, 144.)

physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[4/]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will "neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206

---

[4/] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.3d 1368, 1371 (10th Cir. 2000); *see Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).  The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational.  *Williams*, 844 F.2d at 750.

"The finding of the Secretary[5/] as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750.  In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance.  *Perales*, 402 U.S. at 401.  Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750.  This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).  The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### 3.  ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ considered Plaintiff's obesity and strain of the lumbar and cervical spine "severe" based on the requirements found in 20 C.F.R. §§ 404.1520(c), 416.920(b); yet, in his opinion, these medically determinable impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (R. 25.)  He found that claimant's allegations regarding her limitations were not totally credible;

---

[5/]  Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296.  For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

4

accordingly, he determined that she had the residual functional capacity to stand/walk or sit for 6 hours during an 8-hour workday and to use her hands and feet to operate machine controls. (R. 26.)  He also found that she had no postural limitations or affective disorders. Although he acknowledged that she had symptoms of mild to moderate to occasionally chronic pain, he determined that she could remain attentive and carry out normal work assignments, and the medications she took for relief would not preclude her from being sufficiently alert. (*Id.*)

In the ALJ's opinion, Plaintiff was unable to perform any of her past relevant work. He referenced the vocational expert's testimony that, based on an individual with the Plaintiff's vocational background and residual functional capacity, there were multiple unskilled sedentary jobs in the Oklahoma and national economy which such an individual could perform. (*Id.*)  The ALJ concluded that Plaintiff was not under a "disability" as defined in the Social Security Act at any time through the date of the decision, and thus, she was not entitled to a period of disability or disability insurance benefits and she was not eligible for supplemental security income payments. (*Id.*)

## 4.  REVIEW

### A.    Depression

Plaintiff first argues that the ALJ incorrectly determined that Plaintiff's depression was non-severe.  The ALJ's determination in this regard occurred at Step Two of the sequential evaluation process.  At Step Two, the claimant must establish that a medically severe impairment or combination of impairments significantly limit his or her ability to do basic work activities.  20 C.F.R. §§ 404.1520, 416.920.  "Basic work activities are 'abilities

and aptitudes necessary to do most jobs.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (quoting 20 C.F.R. § 404.1521(b)).   Although the claimant need only a *de minimus* showing of an impairment at Step Two, he or she must show "more than the mere presence of a condition or ailment."   *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). An impairment giving rise to disability benefits is one which "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  Therefore, "[t]he Step Two severity determination is based on medical factors alone, . . ." *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003).

Social Security Ruling ("SSR") 96-3p sets forth the process for a Step Two determination: (1) the claimant must have a medically determinable impairment; (2) this impairment must reasonably be expected to produce the alleged symptoms and (3) once the claimant establishes the requisite connection between the medically determinable impairments(s) and alleged symptoms(s), the Commissioner is to then consider the "intensity, persistence, or functionally limiting effects of the symptom(s)" to determine whether the limitation is severe; that is, whether it has more than a minimal effect on the claimant's ability to do basic work activities. SSR 96-3p, *Considering Allegations of Pain and Other Symptoms in Determining Whether a Medically Determinable Impairment is Severe*, 1996 WL 374181 (S.S.A. July 2, 1996).   "Only those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits without undertaking the subsequent steps of the sequential evaluation process."  *Langley*, 373 F.3d at 1123 (citation and internal quotations omitted).

At the request of the Commissioner, Plaintiff was evaluated by Georgia Jones, M.D. on January 24, 2000, after Plaintiff filed her prior application for benefits but before she withdrew her request for a hearing.  (*See* R. 194-98.)  Dr. Jones diagnosed Plaintiff with "major affective disorder, depression, most likely recurrent, severe" and noted constant pain, being homeless" as "current psychosocial stressors."  (R. 197.)  The doctor assigned Plaintiff a Global Assessment of Functioning (GAF) score of 50.  (*Id.*)  The prognosis on Dr. Jones' report was "guarded considering the long-term nature of her problem."  (*Id.*)  Dr. Jones' clinical impression of the effect of Plaintiff's impairment on work related activities was that Plaintiff had "diminished" abilities to (1) relate to others, including fellow workers and supervisors;  (2) to understand and follow simple instructions; (3) to maintain attention required to perform simple repetitive tasks; and (4) to withstand the stress and pressures associated with a day-to-day work activity.  (*Id.*)

Almost three years later, Plaintiff refiled for disability, alleging an onset date occurring almost two years after the report, and she did not allege depression as an injury, illness or condition that limited her ability to work.  Indeed, the issue of depression does not appear in the record until February 21, 2003, as set forth in the following "Report of Lay Information" by a disability examiner:

> MS. HECKLER STATED SHE WAS PRESCRIBED AN ANTI DEPRESSENT [SIC] BY HER FAMILY DR BUT SHE COULD NOT AFFORD IT.  SHE HAS NO HX OF PSYC TX.  HER [ACTIVITIES OF DAILY LIVING] ARE LIMITED MOSTLY BY HER BACK PAIN.  SHE FEELS DEPRESSED DUE TO HER BACK PAIN AND IT'S [SIC] AFFECTS.  SHE HAS HAD SOME FAMILY COUNSELING WITH HER CHILDREN YEARS AGO.

(R. 147.)  Moses Owoso, M.D. and Gerald Snider, M.D. evaluated Plaintiff on February 24, 2003 and March 4, 2003, respectively (*see* R. 309-26, 322-24), and neither diagnosed

Plaintiff with depression, although Gerald Snider, M.D., noted that she "appeared to be mildly depressed over her present situation." (R. 323).   Plaintiff raised the issue of depression for the first time when she completed a Reconsideration Disability Report after her current application was initially denied.  (R. 150-53.)

In his decision, the ALJ mentioned the lack of any diagnosis of depression by Drs. Owoso and Snider. (R. 22.)  He also noted that Plaintiff did not appear to have been either psychiatrically hospitalized or counseled by mental health professionals. (*Id.*)   He acknowledged Dr. Jones' report, but pointed out the doctor's notation of homelessness as a current psychosocial stressor.  The ALJ then stated that Plaintiff had a residence as of the time of the decision. (*Id.*)  The ALJ further stated, in accordance with 20 C.F.R. §§ 404.1520a, 416.1520a, that Plaintiff's depression had resulted in no restriction of activities of daily living, no difficulties in maintaining social functioning, mild deficiencies of concentration, persistence or pace; and no episodes of deterioration or decompensation of extended duration.  (*Id.*)  The ALJ was "persuaded that the claimant's depression would not significantly affect her ability to engage in work related activities." (*Id.*)   The Court agrees.  Plaintiff did not show "more than the mere presence of a condition or ailment." *Hinkle*, 132 F.3d at 1352.  Accordingly, the ALJ did not err in finding that Plaintiff's alleged mental impairment was not severe within the meaning of the regulations.

**B.    Obesity**

However, the ALJ did fail to consider the Plaintiff's obesity pursuant to SSR 02-01p, *Evaluation of Obesity*, 2000 WL 628049 (S.S.A. September 12, 2002).  The agency ruling requires an assessment of "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment." (*Id.* at *6.)

In particular, the ALJ is required to explain how he reached his conclusion on "whether obesity caused any physical or mental limitations," and to "consider any functional limitations resulting from the obesity" in his Residual Functional Capacity ("RFC") assessment.  (*Id.* at *7.)

The ALJ determined that Plaintiff's obesity, along with strain of the lumbar and cervical spine, were severe impairments.  (R. 22.)  He noted the indication on Dr. Owoso's report that Plaintiff was 5'5" tall and weighed 306 pounds on the day of the examination.  (R. 23; *see* R. 310.)  With regard to Plaintiff's testimony at the hearing, the ALJ wrote: "Ms. Heckler allowed that her weight made moving difficult." (R. 24.)  In finding that Plaintiff's impairments were "not as severe as she alleges," the ALJ observed that "there is no indication from the record that the claimant has seriously tried to reduce her weight.  A significant reduction would undoubtedly facilitate a lessening of her symptoms and reinforce the benefits of physical therapy." (*Id.*)   While these notations indicate that the ALJ apparently thought that Plaintiff's obesity had little effect on her ability to do sedentary work, he did not state that conclusion, and his opinion does not reflect adequate consideration with regard to her obesity and any limitations it may or may not have caused.  As Plaintiff points out, the ALJ makes no mention of obesity and its effect on her RFC.  Remand is appropriate, therefore, to allow the ALJ to correct that error.

### 5. CONCLUSION

The Commissioner's decision denying Plaintiff's application for Social Security benefits does not follow correct legal principles.  Accordingly, the Court and remands the Commissioner's decision for further proceedings consistent with this opinion.

It is so ordered this 17th day of January, 2008.

Sam A. Joyner
United States Magistrate Judge